UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04885-SVW-PJW | Date | 8/20/19 |
|---|---|---|---|
| Title | Johnnie Canales v. Torn and Glasser, Inc. et al | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [11]

## I. Introduction and Background

Plaintiff Johnnie Canales filed a complaint against his former employers, defendants Stuart Kowalsky and Torn & Glasser, Inc. in Los Angeles County Superior Court on Dec. 3, 2018. Dkt. 1, Ex. A ("Complaint"). Plaintiff asserted a total of ten causes of action, chiefly alleging discrimination, harassment, retaliation, and failure to make reasonable accommodation under the California Fair Employment and Housing Act ("FEHA"), with regard to his alleged disabled status. *Id.* Plaintiff also asserts claims for declaratory relief, wrongful termination in violation of California public policy, and retaliation in violation of California Labor Code § 1102.5 and § 1102.6. Dkt. 1 ¶ 12.

Defendants filed notice of removal on June 5, 2019, asserting that this court has original jurisdiction over the case under § 301 of the Labor and Management Relations Act ("LMRA") because the plaintiff was covered by a collective bargaining agreement, claiming that it preempted state court jurisdiction over this matter. Dkt. 1. Plaintiffs have filed this notice of remand, asserting that removal on the basis of LMRA § 301 was improper, and that this case should be remanded to Los Angeles County Superior Court. Dkt. 11.

## II. Legal Standard

United States federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04885-SVW-PJW | Date | 8/20/19 |
|---|---|---|---|
| Title | Johnnie Canales v. Torn and Glasser, Inc. et al | | |

(2013). Consequently, a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Due to this presumption, federal courts must exercise "prudence and restraint" when considering the propriety of removal. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 810 (1986). Thus, "[i]f a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018). "The removing defendant bears the burden of overcoming the 'strong presumption against removal jurisdiction.'" *Id.* (quoting *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)).

Section 301 of LMRA provides for federal district court jurisdiction over claims regarding labor disputes. 29 U.S.C. § 185. This statute has been extended by judicial interpretation to constitute a "Congressional mandate" to resolve all labor disputes in federal courts, transforming any preempted claim, even those brought under state law, into federal claims. *Kobold v. Good Samaritan Regional Medical Center*, 832 F.3d 1024, 1032 (9th Cir. 2016). But "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301." *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985). The Ninth Circuit has adopted a two-step test, determining whether the claim in question either (1) arose from a right that exists solely as a result of a collective bargaining agreement ("CBA"), or (2) if an independent tort or state law claim, whether it is "substantially dependent on analysis of [the CBA]". *Kobold*, at 1033 (quoting *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1060 (9th Cir. 2007).

With regard to claims arising from California's FEHA, the Ninth Circuit has consistently held that "FEHA employment discrimination claims are not ipso facto preempted by § 301 of the LMRA." *Detabali v. St. Luke's Hosp.*, 482 F.3d 1199, 1203 (9th Cir. 2007). The Ninth Circuit has similarly held that claims under California Labor Code § 1102.5 are also not LMRA-preempted solely on the basis that the employee in question is covered by a CBA, because a § 1102.5 claim centers inquiry on the respective actions of the employee and employer to determine whether retaliation occurred. *Brown v. Brotman Medical Center, Inc.*, 571 Fed. Appx. 572, 575 (9th Cir. 2014).

### III.   Analysis

Seven of Plaintiff's ten total causes of action stem from alleged violations of the FEHA. Dkt 1 ¶ 12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04885-SVW-PJW | Date | 8/20/19 |
|---|---|---|---|
| Title | Johnnie Canales v. Torn and Glasser, Inc. et al | | |

Another references both California Labor Code § 1102.5 and § 1102.6[1], while the last two seek declaratory judgment and allege violation of California's "public policy" against discrimination or retaliation. *Id.* No portion of the complaint directly references Plaintiff's CBA, and the sole term within the CBA that Defendant specifically cites as requiring analysis under the second step of *Kobold* is "just cause". Dkt. 13 at 11.

Defendants argue that adjudicating any of Plaintiff's FEHA-based claims will require a determination of whether there was "just cause" under the CBA to discipline and terminate Plaintiff. *Id.* But because both the FEHA and California Labor Code confer rights "independent of collective-bargaining agreements", the mere fact that a court might need to refer to the CBA to consider whether Defendant's actions could plausibly be justified under the CBA does not transform independent state law claims into a LMRA-preempted labor dispute. *Ramirez v. Fox Television Station, Inc.* 998 F.2d 743, 749 (9th Cir. 1993). Interpretation of the term "just cause" as defined in the CBA might help a court determine whether Defendant's actions were based on their reasonable recourse under the CBA's terms, or a separate discriminatory motive, but the core of the case will be resolved outside the confines of the CBA. Plaintiff's claims are fundamentally centered on allegedly discriminatory and retaliatory conduct by the Defendants rather than violations of the relevant CBA, and thus neither step of *Kobold* applies.

Defendant's reference to *14 Penn Plaza LLC v. Pyett* is wholly inapplicable given that its holding applies solely to the enforceability of a CBA provision that mandates arbitration. 556 U.S. 247, 274 (2009). Defendants are free to argue that *14 Penn Plaza* requires arbitration of any discrimination claims Plaintiff brings based on the FEHA or other sections of California law due to arbitration provisions in the CBA. But without proper jurisdiction in federal court, they must make those arguments elsewhere.

### IV. Conclusion

The Court GRANTS Plaintiff's motion and REMANDS the case to state court.

IT IS SO ORDERED.

---

[1] California Labor Code § 1102.6 appears only to articulate a burden of proof for actions brought under § 1102.5 and does not independently give rise to an additional cause of action for violation of California law. Therefore this order addresses only § 1102.5 in analyzing that alleged cause of action.

| | : | |
|---|---|---|
| | Initials of Preparer | |
| | PMC | |